United States Court of Appeals,

Fifth Circuit.

No. 95-30533.

UNITED STATES of America, Plaintiff-Appellee,

v.

Ronnie KNIGHT, Defendant-Appellant.

Feb. 12, 1996.

Appeal from the United States District Court For the Western District of Louisiana.

Before REYNALDO G. GARZA, WIENER and STEWART, Circuit Judges.

PER CURIAM:

This appeal requires us to decide whether the Sentencing Guidelines or the Federal Rules of Criminal Procedure, or both, require a district court to give a criminal defendant notice of its intention to use a defendant's letter to the court to reject the recommendations of the Presentence Report (PSR). We conclude that they do not and affirm the judgment of the district court.

I

FACTS AND PROCEEDINGS

Defendant-Appellant Ronnie Knight escaped from federal prison. About three weeks later, authorities captured Knight in a house where he was staying with his girlfriend and some friends. A search of the house revealed two firearms and various drugs.

Knight pleaded guilty to one count of escape.[1] The PSR recommended that Knight be given a two-level decrease for

_____

[1] 18 U.S.C. § 751(a).

1

acceptance of responsibility and that Knight receive no enhancements or upward departures. Before sentencing, and unbeknownst to either his attorney or probation officer, Knight wrote a letter to the sentencing judge claiming that he had escaped in order to visit his sick, dying mother. In fact, at no time during the escape had Knight gone to visit his mother. On the morning of the sentencing hearing, the district court issued a memorandum ruling announcing its intention to (1) deny the PSR's recommendation for a two-level decrease for acceptance of responsibility and, instead, (2) impose a two-level enhancement for obstruction of justice. The four-level change from the PSR's recommendation meant an addition of 12 months to Knight's prison term.

At the sentencing hearing, defense counsel explained to the court that he had been unaware of Knight's letter until that morning, but that he had spoken with Knight about the matter. Counsel explained that Knight had indeed escaped for the purpose of visiting his mother, but that Knight had abandoned the idea, fearing that a visit might implicate her in the escape. The district court did not credit this explanation. Knight's attorney also stated several times to the court that he had been surprised by the matter of the letter and thus had completed no legal research. The district court sentenced Knight to 30 months in prison, the maximum sentence allowed for Knight's offense level and criminal history. Knight's attorney's objection to the denial of a decrease for acceptance of responsibility and to the increase for

obstruction of justice was to no avail, and this appeal ensued.

## II

## DISCUSSION

The sole issue before us on this appeal is whether the Sentencing Guidelines and Fed.R.Crim.P. 32(a), or either of them, require a district court to give a criminal defendant notice of its intention to use his letter to the court as the basis for rejecting the recommendations of the PSR.  Although the government contends that Knight failed to object on these grounds in the district court, we hold that defense counsel's objection, when considered in light of the entirety of the sentencing transcript, fairly included the ground of lack of notice.  We therefore review this issue of law *de novo.*

Knight argues that the district court's failure to provide him notice of its intention to reject the PSR's recommendation regarding acceptance of responsibility and to enhance his sentence for obstruction of justice violated both Rule 32(a)(1) and U.S.S.G. § 6A1.3.  Knight relies on *Burns v. United States,*[2] which held that a district court must provide the defendant notice of its intention to "depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government."[3]  Knight argues that little functional difference exists between an upward departure and an enhancement, and that *Burns* therefore should require notice in this

---

[2] 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991).

[3] 501 U.S. at 138, 111 S.Ct. at 2187.

case as well.[4]

The First and Eighth Circuits have squarely held that district courts need not provide such notice.[5] A circuit split was narrowly averted on this issue, when a Seventh Circuit panel split one to one on the enhancement issue, with Judge Posner casting his vote on other grounds.[6] A clear circuit split does exist, however, on the question whether a defendant is entitled to notice of a district court's intention to deny a reduction recommended in the PSR.[7]

This case presents both the denial of a reduction issue and the granting of an enhancement issue. The opinions in the cases cited above fully articulate the various arguments on these

---

[4]Knight does not invoke the Due Process Clause and thus we expressly decline to consider any constitutional issue in this appeal.

[5]*United States v. Adipietro,* 983 F.2d 1468, 1473 (8th Cir.1993); *United States v. Canada,* 960 F.2d 263, 265-68 (1st Cir.1992).

[6]*United States v. Jackson,* 32 F.3d 1101 (7th Cir.1994); *see also United States v. Zapatka,* 44 F.3d 112 (2d Cir.1994) (holding that, at least where the PSR cites an inapposite Guidelines provision, a defendant must be given notice of the district court's intention to enhance on the basis of a different section that actually does apply, but stressing the unique character of the case).

[7]*Compare United States v. Patrick,* 988 F.2d 641, 644-46 (6th Cir.1993) (relying on the fact that the defendant bears the burden of proving entitlement to a reduction to hold that a district court need not give notice of its intent to deny a reduction recommended in the PSR), *cert. denied,* --- U.S. ----, 114 S.Ct. 136, 126 L.Ed.2d 99 (1993) *and United States v. McLean,* 951 F.2d 1300, 1202-03 (D.C.Cir.1991), *cert. denied,* 503 U.S. 1010, 112 S.Ct. 1775, 118 L.Ed.2d 433 (1992) (same) *with United States v. Brady,* 928 F.2d 844, 848 (9th Cir.1991) ("The trial court's denial of the two-level reduction in offense level, without notice to [the defendant] of its intent to deny the reduction, deprived [the defendant] of an adequate opportunity to present information to the court on his acceptance of responsibility") (alterations added).

questions. As these opinions make clear, the decisions depend in part on the confidence one has in the abilities of the average defense counsel, as well as whether one believes that the enhancement and reduction factors specified in the Guidelines are sufficiently uncomplicated to allow counsel to prepare for sentencing without specific notice a district court's intention to disregard the recommendations of the PSR. At least under the facts and circumstances of this case, we find more convincing the views of those circuits which do not require notice.

Although Knight is correct that little functional difference exists among an upward departure, an enhancement, and a denial of a reduction, the differences in form and in name are designed with notice considerations in mind. The Guidelines themselves specify grounds for enhancement and deduction. In contrast, "[b]ecause the Guidelines place essentially no limit on the number of potential factors that may warrant a departure ... no one is in a position to guess when or on what grounds a district court might depart."[8]

We hold that, at least if the defendant has actual knowledge of the facts on which the district court bases an enhancement or a denial of a reduction, the Sentencing Guidelines themselves provide notice of the grounds relevant to the proceeding sufficient to satisfy the requirements of Rule 32 and U.S.S.G. § 6A1.3. We do not believe that the Guidelines themselves are too complicated, or that the average defense counsel is insufficiently skilled, to render adequate preparation unduly difficult without specific

---

[8]*Burns,* 501 U.S. at 136-37, 111 S.Ct. at 2186.

5

notice of all grounds for an enhancement or for a denial of a reduction. As the government argues in its brief to this court, under certain circumstances providing notice will be impossible, such as when a defendant obstructs justice by lying at a sentencing hearing in an attempt to induce leniency. We do believe that requiring prehearing notice of intent to depart from the PSR in any way would unduly elevate the PSR to a virtually conclusive document. The PSR is often conclusive, but final decision-making power must, nonetheless, reside with the district court, and the court must have sufficient flexibility to deal with factors not covered in the PSR or arising after its writing. The Guidelines themselves put defense counsel on notice that all possible grounds for enhancement or reduction are on the table at a sentencing hearing. That notice satisfies Rule 32(a) and U.S.S.G. § 6A1.3.

We have little doubt that Knight knew of the letter he authored. Had he told his attorney of its existence, its significance would have been readily apparent. Knight chose not to do so, and he must bear the consequences of his own choice.

For the forgoing reasons, the judgment of the district court is AFFIRMED.