**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-4765

AFENI TANIKA BERRY RUCKER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-96-7-PJM)

Submitted: July 29, 1997

Decided: September 11, 1997

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles F. Daum, Arlington, Virginia, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Stephen S. Zimmermann, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Afeni Berry Rucker pled guilty to conspiracy (18 U.S.C. § 371 (1994)) (Count One) and misappropriation of postal funds (18 U.S.C.A. § 1711 (West Supp. 1997)) (Count Three). She received a sentence of four months imprisonment and a two-year term of supervised release, with the first four months of the supervised release term to be served in home confinement. Rucker seeks to appeal her sentence, alleging that her waiver of appeal rights was not knowing and voluntary, that the district court clearly erred in finding that she had obstructed justice, USSG § 3C1.1,[1] and abused a position of trust, USSG § 3B1.3, and that the government violated the plea agreement by failing to oppose the adjustment for obstruction of justice. She also contends that the court's sua sponte decision to make the obstruction of justice adjustment violated due process by denying her adequate notice that her sentence might be increased on this ground. The government seeks dismissal of the appeal based on Rucker's waiver, in her plea agreement, of her right to appeal the sentence and issues relating to establishment of the guideline range, and reserving only the right to appeal an upward departure. We find that the waiver was valid and that Rucker's due process rights were not implicated by the sua sponte adjustment. We therefore dismiss the appeal.

Under the terms of Rucker's plea agreement, she was subject to a nine-level loss enhancement and a two-level adjustment for more than minimal planning, and was entitled to a two-level adjustment for acceptance of responsibility. The agreement stated that the district court was not bound by the agreement or obligated to accept the government's sentencing recommendations. The waiver provision was brought to Rucker's attention by the district court at the Fed. R. Crim. P. 11 hearing.

At the first sentencing hearing, the district court sua sponte determined that Rucker obstructed justice during the investigation of her offense by falsely telling the postal investigators that her co-

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

defendant, Michelangelo Carroll, had devised the scheme in which she participated. The government attorney agreed that Rucker initially lied to the investigators, but pointed out that she provided truthful information after her guilty plea and testified truthfully at Carroll's trial. In an effort to honor its obligations under the plea agreement, the government did not argue for an obstruction of justice adjustment. On appeal, the government continues to take no position on this issue. Because defense counsel received the government's memorandum requesting an adjustment for abuse of a position of trust on the morning of sentencing, the district court continued sentencing to allow counsel to prepare an argument on that issue. At the second sentencing hearing, the court again made a finding that Rucker had obstructed justice and also found that she had abused a position of trust.[2]

A defendant's waiver of the right to appeal as part of a plea agreement is enforceable if it is the result of a knowing and intelligent decision. See United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994). Rucker contends that her waiver was not knowing and voluntary because she believed she could appeal the application of any adjustments which were not spelled out in the plea agreement. However, there is nothing in Rucker's plea agreement or in the record of her plea hearing which indicates that her guilty plea was conditioned on such an understanding. Our review of the Rule 11 hearing discloses that Rucker knowingly and voluntarily waived her right to appeal her sentence. Therefore, review is available only for claims that the sentence was imposed in excess of the statutory maximum or was based on a constitutionally impermissible factor such as race. See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Rucker challenges on due process grounds the district court's decision to make an adjustment for obstruction of justice without giving her advance notice that it was considering the adjustment. She relies on Burns v. United States, 501 U.S. 129 (1991). Burns held that, under Fed. R. Crim. P. 32, a sentencing court may not depart from the guideline range without giving the defendant adequate notice that a departure is being contemplated and the grounds on which it may be

_____

[2] Rucker also received a two-level enhancement for more than minimal planning, a two-level downward adjustment for acceptance of responsibility, and a two-level downward departure for substantial assistance.

3

made. <u>Burns</u> does not address sua sponte adjustments made in the course of calculating the guideline range. However, two circuits have interpreted Rule 32 and <u>Burns</u> as also requiring prior notice before a sua sponte adjustment or enhancement, at least in some circumstances. <u>See United States v. Zapatka</u>, 44 F.3d 112, 115-16 (2d Cir. 1994) (extending notice requirement to apply where adjustment not recommended, factual dispute existed as to defendant's conduct, and it was unclear which guideline supported enhancement); <u>United States v. Jackson</u>, 32 F.3d 1101, 1108-13 (7th Cir. 1994) (two judges concurred in judgment vacating sentence, but only one held that defendant entitled to advance notice of sua sponte adjustment).

Other circuit courts have held that Rule 32 and <u>Burns</u> do not require advance notice of sua sponte adjustments to the guideline calculation, at least where the facts relevant to the adjustment are known to the defendant, because the bases for adjustments are limited and are set out in the guidelines. <u>See United States v. Knight</u>, 76 F.3d 86, 88 (5th Cir.), <u>cert. denied</u>, ___ U.S. ___, 64 U.S.L.W. 3837 (U.S. June 17, 1996) (No. 95-9000); <u>United States v. Willis</u> , 997 F.2d 407, 416-17 (8th Cir. 1993); <u>United States v. Canada</u>, 960 F.2d 263, 265-68 (1st Cir. 1992). Following these authorities, we find that Rucker was not denied due process when the district court made a sua sponte adjustment for obstruction of justice in her case. Rucker was aware that she lied to investigators about the extent of Carroll's involvement.

Rucker also contends that the waiver does not preclude her from contesting the adjustment for abuse of a position of trust because it is an illegal application of the guidelines in that the district court failed to make adequate findings. This claim alleges nothing more than an improper application of the guidelines and is within the scope of the waiver. In any case, the district court explained its decision at some length.

Finally, Rucker argues that the government violated the plea agreement when it failed to oppose an adjustment for obstruction of justice. However, the record of the sentencing hearing reveals that the government was careful to abide by its obligations under the agreement.

Because Rucker's waiver was valid and the adjustments she seeks to appeal are within the scope of the waiver, we dismiss the appeal.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

5