*788 TORRUELLA, Chief Judge
(Dissenting in part).
Although I agree with the majority on the bulk of the opinion, I am troubled by their apparent willingness to open the door to perjured testimony during sentencing. I would find that the district court erred in not entertaining the possibility that Walker committed perjury during the sentencing hearing.
The majority premises its holding on the “independent duty” of the district court “to ensure the fairness of criminal trials.” United States v. Bosch, 584 F.2d 1113, 1124 (1st Cir.1978). Thus, according to the majority, the district court “declined to consider the request enhancement because it felt the Government had not played fair,” and that to find otherwise would require the district court to rule against its sense of fairness. The majority thus considered whether the district court abused its discretion in making such a ruling, and concluded that it did not.
I would first contest this standard of review. The district court did not-make its ruling based on an innate conception of fairness, but rather upon “the belief that the law requires that there be adequate notice given, where the circumstances permit, to a defendant to meet any substantial portion of the government's case] which may yield a substantially adverse result to him in the sentencing process” (emphasis added). In fact, the district court expressly feared “that the Court of Appeals would not countenance the imposition of the enhancement” without such notice, a fear ironically realized only because the majority mistakenly understands the district court as exercising discretion. The real issue here is whether such notice was legally required. As this is a question of law, we review the district court’s decision de novo. See United States v. Luna-Díaz, 222 F.3d 1, 2 (1st Cir.2000).[1]
Burns v. United States, 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), held that a district court must give the parties reasonable notice before making either an upward or downward departure. Id. at 138-39, 111 S.Ct. 2182. However, in United States v. Canada, 960 F.2d 263 (1st Cir.1992), we read Bums as woi-requiring special notice where “a court decides that an upward adjustment is warranted based on offense or offender characteristics delineated within the Sentencing Guidelines themselves, at least where the facts relevant to the adjustment are already known to the defendant.” Id. at 266. Adjustments based on characteristics outlined in the Guidelines differ from sua sponte departures because the defendant can anticipate the possibility of a Guideline-related enhancement; “the [Guidelines themselves provide notice to the defendant.” Id. at 267. Thus in Canada we did not require notice of an enhancement based on the defendant’s supervisory role. Id. at 268. Similarly, in United States v. Willis, 997 F.2d 407 (8th Cir.1993), the Eighth Circuit did not require prior notice to impose an enhancement for obstruction. Id. at 417.
This case differs slightly from Canada and Willis in that Walker does not claim that he lacked notice of the obstruction section of the Guidelines, but that he lacked notice of Arsenault’s unfavorable testimony. I am not convinced that this distinction saves Walker. Except in the limited fashion provided by Fed.R.Crim.P. 16(a)(1)(E) (providing for disclosure of expert witness testimony), the Government is in no way required to inform a defendant of the witnesses it intends to use against him. See Fed.R.Crim.P. 16(a)(2) (“Nor does the rule authorize the discovery or inspection of statements made by government witnesses.... ”); Weatherford v. *789 Bursey, 429 U.S. 545, 559, 97 S.Ct. 887, 51 L.Ed.2d 30 (A defendant has “no general constitutional right to discovery.”). These rules have equal force in sentencing hearings, see Fed.R.Crim.P. 1, and I am unaware of any exception in this respect, statutory or otherwise. The majority not only creates such an exception, but goes further in placing a burden on the Government of forecasting that a defendant will take the stand and perjure himself, as well as informing him or her that it has information to contradict the testimony in question.
The majority suggests that the Government has essentially waived its claim here with the admission that it “has an obligation to come forward” if “the basis for the ... obstruction [enhancement] is known before sentencing.” I understand this admission as agreeing that if Walker had committed perjury during trial or pre-sentencing, the Government would have to provide notice prior to seeking an enhancement. Here, however, the Government only anticipated that Walker would commit perjury; they can hardly be required to provide notice that they will seek an enhancement on facts that might not occur (such as where Walker chose to tell the truth or to not testify at all).[2]
In the present case, the Sentencing Guidelines put Walker on notice that perjury during the sentencing hearing could lead to an obstruction enhancement. The fact that Walker’s ignorance as to the content of Arsenault’s testimony may have “lulled [him] into a false sense of security,” and encouraged him to commit perjury, is irrelevant. Cf. Weatherford, 429 U.S. at 559-60, 97 S.Ct. 837 (although defendant had been lulled into false security by lack of notice of unfavorable testimony, because he had no constitutional right to plea-bargain, he could not complain that his lack of notice had encouraged him not to make a deal). Because there is no constitutional right to commit perjury, Nix v. Whiteside, 475 U.S. 157, 173, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986), I cannot conclude that Walker should have felt entitled to perjure himself simply because he was unaware that his testimony could, and would, be refuted. As the Fifth Circuit noted in United States v. Knight, “under certain circumstances providing notice will be impossible, such as when a defendant obstructs justice by lying at a sentencing hearing in an attempt to induce leniency.” 76 F.3d 86, 88-89 (5th Cir.1996). Such are the facts here, and, although giving notice of Arsenault’s testimony to Walker was not impossible, it was unnecessary given Walker’s notice of the punishment for perjury under the Sentencing Guidelines.
The majority seeks to distinguish Canada by suggesting that Walker somehow lacked knowledge of “all of the facts relevant to the potential enhancement.” It is true that Walker did not know Arsenault would testify against him, and in fact believed that Arsenault would corroborate his story. However, the only “fact” relevant to the enhancement, in the Canada sense, is whether Walker knew that his testimony was false. In other words, if Walker knowingly lied under oath, he committed perjury, which must be punished by an enhanced sentence under Dunnigan. Whether the perjury is discovered or not, whether the defendant is aware that it may be discovered, or even whether the defendant is misled into believing that it will not be discovered (as may be the case here) is entirely irrelevant to the basis for the enhancement, which was the concern in Canada.[3]
Perjury is serious business, and is accordingly a federal crime punishable by up to five years in prison, 18 U.S.C. § 1621, or by a two-level enhancement in sentencing, U.S.S.G. § 3C1.1 cmt. n. 4(b). Unlike *790 the majority, I am unwilling to countenance it in this case, and I feel that the district court only did so in error.
Although the sentencing judge suggested that a finding of perjury would be forthcoming, he did not make an explicit finding to that effect. “The proper resolution, in these circumstances, is to vacate the sentence and remand to the district court ‘to make findings to support all the elements of a perjury violation,’ or to articulate clearly the elements it believes not to have been satisfied.” United States v. Tracy, 989 F.2d 1279, 1290 (1st Cir.1993) (quoting Dunnigan, 507 U.S. at 98, 113 S.Ct. 1111). Accordingly, I would remand for further findings on this issue.

. Even were we to review this for abuse of discretion, I would note that the district court lacks any discretion not to enhance a defendant’s sentence when he commits perjury. See United States v. Dunnigan, 507 U.S. 87, 98, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). As a result, the district court's refusal to entertain the enhancement in the absence of affirmative Government misconduct or actual unfairness to Walker would, in my mind, constitute an abuse of discretion.

. I have no quarrel with the majority’s claim that "notice was possible on the particular facts of this case.’’ My disagreement is with the relevance of this fact, given that (i) the district court based its conclusion on a finding of law, rather than one of fact; (ii) I find no waiver of the Government’s argument; and (iii) the district court’s discretion, to the extent it was exercised, is severely limited in the context of perjured testimony.

. It is of course possible that because Walker thought Arsenault would agree with his testi *790 mony, he came to believe the perjured testimony himself. This scenario, however, would not change the fairness of the sentencing hearing, but would merely mean that Walker lied unconsciously, or unknowingly. By remanding to the sentencing court for a finding of perjury (or no perjuiy) we would leave the court open to malee such a determination.
The majority makes a good point in noting that defense counsel may have relied on an admittedly false statement by Arsenault in presenting Walker's testimony. First, I note that the district court did not view such a misrepresentation to the defense as actionable, commenting that "as regrettable as it may be, lying to a lawyer is not a new offense.” Second, although Arsenault’s misrepresentation to the defense might shield the attorney from a charge of suborning perjury, it should not immunize Walker from his decision to commit perjury. I might feel differently if the Government had in some way coerced Walker into testifying on his own behalf, or coerced counsel into calling Walker. On these facts, however, no such coercion occurred.