IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41020
Summary Calendar
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

ISMAEL MONTOYA-CERDA, also known as Miguel Angel Ramirez
Ramirez

                    Defendant - Appellant

                    --------------------
          Appeal from the United States District Court
             for the Southern District of Texas
                   USDC No. B-01-CR-206-3
                    --------------------
                      June 27, 2002

Before KING, Chief Judge, and DAVIS and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

     Ismael Montoya-Cerda contends that the district court did

not provide him with adequate notice that it was considering an

upward departure from the sentencing guidelines under the rule in

Burns v. United States, 501 U.S. 129 (1991).  Because Montoya

objected to the upward departure and indicated adequately that

the lack of notice was the basis for his objection, we review

this issue de novo.  See United States v. Knight, 76 F.3d 86, 87

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1996); cf. United States v. Milton, 147 F.3d 414, 419 (5th Cir. 1998) (reviewing for plain error because the defendant "did not object, move for a continuance, or in any way indicate that the lack of notice of the basis for the upward departure had prejudiced him at the sentencing hearing").

Burns requires that the defendant be provided with *reasonable* notice that the district court is considering an upward departure. See 501 U.S. at 138-39. "The holding in Burns was based upon the concern that 'parties will address possible *sua sponte* departure in a random and wasteful way by trying to anticipate and negate every conceivable ground on which the district court might choose to depart on its own initiative.'" Milton, 147 F.3d at 418 (quoting Burns, 501 U.S. at 137).

The Government contends that the district court did provide reasonable notice by stating at the sentencing hearing that it was considering an upward departure and by giving the reasons for the departure: that Montoya had created a hazardous situation by transporting the aliens in an unventilated container with hazardous materials and by threatening the mother of a three-year-old child which was crying at the time the container was passing through a border checkpoint. The Government's argument is without merit. Although these facts were reported in the presentence report, the defense was not advised prior to the sentencing hearing that they would be considered as a basis for an upward departure. The district court's notice was not

reasonable because it required Montoya to anticipate and prepare to address all possible bases for departure. See Milton, 147 F.3d at 418; see also United States v. Brooks, No. 00-10072, slip op. at 7-8 (5th Cir. Dec. 13, 2000) (unpublished) (vacating and remanding sentence because district court did not notify defense prior to sentencing hearing that it was considering upward departure and basis for departure). The sentence is vacated and the case is remanded to the district court for further proceedings.

VACATED AND REMANDED.