**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-60972**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JAMES DAVIS, also known as "Kansas City",**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Mississippi**
**(1:01-CR-16-ALL-P)**

_____

July 11, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges:

PER CURIAM:[*]

James Davis appeals the sentence imposed following his guilty plea to one count of bank fraud.  He contends that the Government waived its right to file a motion for upward departure by failing to file written objections to the presentence report (PSR).  He also asserts that the district court abused its discretion in departing upward pursuant to U.S.S.G. § 4A1.3, which provides for a departure when the defendant's criminal history category

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

significantly underrepresents his past criminal conduct or the likelihood that he may commit further crimes.

Whether the Government waived its ability to move for an upward departure by failing to object to the PSR is a question of law reviewed *de novo*. *See, e.g*, **United States v. Knight**, 76 F.3d 86, 87 (5th Cir.), *cert. denied*, 518 U.S. 1011 (1996). An upward departure is reviewed for abuse of discretion, *see* **United States v. Ashburn**, 38 F.3d 803, 807 (5th Cir. 1994) (en banc), *cert. denied*, 514 U.S. 1113 (1995); and the finding that a defendant's criminal history category inadequately represents the seriousness of his past criminal conduct is reviewed for clear error, *see* **United States v. Laury**, 985 F.2d 1293, 1310 (5th Cir. 1993).

Based on our review, the Government was not required to lodge objections to the PSR in order to preserve its right to move pre-sentencing for an upward departure, *particularly* because the PSR set forth a possible basis for departure. *See* **United States v. Bachynsky**, 949 F.2d 722, 733-34 (5th Cir. 1991), *cert. denied*, 506 U.S. 850 (1992). And, Davis *conceded* at sentencing that he was *not* prejudiced by the alleged untimely filing of the motion (ten days prior to sentencing).

We further hold: the district court did not clearly err in determining that Davis' criminal history category underrepresented the seriousness of his past criminal conduct; and there was no abuse of discretion in departing on that basis. *See* **Laury**, 985

F.2d at 1310.  Under the circumstances presented to the district court, the extent of the upward departure was reasonable.  *See* *United States v. Hawkins*, 87 F.3d 722, 728 (5th Cir. 1996), *cert. denied*, 519 U.S. 974 (1996).

                                                        ***AFFIRMED***