# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60182

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KIRK PENNINGTON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:13-CR-117-1

Before BARKSDALE, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Kirk Pennington pleaded guilty to failure to register as a sex offender and was sentenced to a prison term of 84 months and a five-year term of supervised release, subject to a number of conditions. Pennington now challenges his sentence on three grounds. First, he argues that the district court violated the Federal Rules of Criminal Procedure and the Sentencing Guidelines when it failed to give him prior notice of the factual basis for a condition of supervised release. Second, he claims that the same condition is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

overly broad and impermissibly vague. Third, he argues that his 84-month sentence, an upward variance from the Guidelines range, is procedurally and substantively unreasonable. We affirm.

## FACTS AND PROCEEDINGS

Pennington pleaded guilty to failure to register as a sex offender, in violation of the Federal Sex Offender Registration and Notification Act. *See* 18 U.S.C. § 2250(a). According to the factual basis for his guilty plea, Pennington was convicted of aggravated criminal sexual abuse in 1994 and of "fondling" in 2008. On May 15, 2013, before Pennington was released from the Mississippi Department of Corrections, he signed a Mississippi Convicted Sex Offender's Duty to Register form that indicated he would be residing on County Road 2359 in New Albany, Mississippi. On June 9, 2013, Pennington was released from the Mississippi Department of Corrections, but he failed to report to the Mississippi Department of Public Safety to register as a sex offender. He also did not report to the Mississippi Department of Corrections Probation and Parole Officer. On July 12, 2013, the U.S. Marshals Service arrested Pennington in Memphis, Tennessee. When questioned by a marshal, Pennington stated that church members had reneged on their promise to find him a place to live in New Albany, Mississippi. He said he then travelled to Memphis, Tennessee, where he stayed at a hotel, at a hospital, and with friends, before he was apprehended. He said he did not attempt to register as a sex offender in Tennessee.

Several weeks before Pennington's sentencing, the district court advised the parties that the court was considering an upward variance from the Guidelines range of 33 to 41 months, even though the government had not moved for an upward variance. At the sentencing hearing, the district court gave Pennington, the prosecutor, and defense counsel an opportunity to speak.

No. 14-60182

Defense counsel emphasized that when Pennington was released from prison, he had "no money," "no family," "no friends," and "nowhere to go." Defense counsel also stressed that Pennington has a history of mental illness and a low level of education. He requested a sentence within the Guidelines range. The district court recognized Pennington's "lack of resources," but said an upward variance was appropriate based on the sentencing factors listed in 18 U.S.C. § 3553(a), including, *inter alia*, "the nature and circumstances of the offense," "the history and characteristics of the defendant," the need "to protect the public," and the need "to afford adequate deterrence to criminal conduct." The court noted Pennington's two prior convictions for sex offenses, his seven prior convictions for failure to register as a sex offender, and his numerous violations of probation. The court found that Pennington's "conduct is the kind that puts the community at risk, especially in this case, puts the children at risk."

The court also imposed a number of special conditions of supervised release. One of the conditions ("condition eight") prohibited Pennington from "engag[ing] in a relationship or cohabit[ing] with any individual who has children under the age of 18 unless approved by the probation officer . . . ." In explaining its decision to impose these conditions, the court first noted that Pennington had been convicted of aggravated criminal sexual abuse that occurred in 1994, when Pennington was 20 years old. Given the elements of that crime, the victim must have been between 13 and 15 years old. The court added, "of even greater concern is the court's understanding of the Union County conviction" for "fondling a child," when Pennington was 33 years old. The court noted that

> [a]ccording to the offen[s]e report in that case, Case No. 8MO-017, the victim in that case was a six-year-old child. The circumstances was this child being a child of the woman you were dating or engaged in some relationship with.

No. 14-60182

> And for that reason, the court finds that these conditions are not only merited but necessary in order to protect society, particularly protect victims such as these children.

Pennington's counsel objected to the reasonableness of the sentence, citing his previous arguments for a within-Guidelines sentence, including Pennington's history of mental illness and homelessness. Defense counsel further argued that the special conditions are not "reasonably related to Mr. Pennington's history and this offense in representing a greater deprivation of liberty than reasonably necessary for sentencing purposes." With respect to the 2008 conviction for fondling a child, defense counsel stated that he "was not aware that the victim was six years of age or involved a person that Mr. Pennington was in a relationship with." He added, "we would object to that aspect of it as . . . being something that we were not prepared to address and not being in the record." Defense counsel further objected to condition eight on the ground that it would apply to Pennington's own daughter if she decided to have a child. In addition, defense counsel argued, "a person of reasonable intelligence who has . . . common sense, minds like that could differ as to what would be a violation" of condition eight. The district court overruled these objections, noting that condition eight "is warranted, particularly in the circumstances of the Union County case where we know that child was six years of age and was the child of a girlfriend."

## DISCUSSION

I.     Notice of the 2008 Offense Report

Pennington argues that Federal Rule of Criminal Procedure 32 and U.S. Sentencing Guidelines Manual § 6A1.3 required the district court to give defense counsel notice, before the sentencing hearing, of the 2008 offense report on which the court relied in imposing condition eight. Because

No. 14-60182

Pennington objected in the district court to the lack of notice, we review this question de novo. *See United States v. Knight*, 76 F.3d 86, 87 (5th Cir. 1996).

Section 6A1.3(a) of the Sentencing Guidelines requires that the parties "be given an adequate opportunity" to address "any factor important to the sentencing determination [that] is reasonably in dispute." U.S.S.G. § 6A1.3(a). Federal Rule of Criminal Procedure 32(i)(1)(C) provides, "[a]t sentencing, the court . . . must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Fed. R. Crim. P. 32(i)(1)(C). We have noted that "[t]he touchstone of [R]ule 32 is *reasonable* notice to allow counsel adequately to prepare a meaningful response and engage in adversary testing at sentencing." *United States v. Angeles-Mendoza*, 407 F.3d 742, 749 n.12 (5th Cir. 2005) (internal quotation marks and citation omitted); *see also Irizarry v. United States*, 553 U.S. 708, 715 (2008) ("Sound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues."). In assessing whether notice was reasonable, we have considered "the abilities of the average defense counsel," while keeping in mind that "the court must have sufficient flexibility to deal with factors not covered in the PSR or arising after its writing." *Knight*, 76 F.3d at 88–89. In addition, we have held that "actual knowledge satisfies the 'reasonable notice' requirement[] of Rule 32 . . . ." *United States v. Coenen*, 135 F.3d 938, 944 (5th Cir. 1998), *superseded on other grounds by statute as recognized by United States v. Paul*, 274 F.3d 155, 172 (5th Cir. 2001); *cf. Knight*, 76 F.3d at 88 ("[A]t least if the defendant has actual knowledge of the facts on which the district court bases an enhancement or a denial of a reduction, the Sentencing

5

Guidelines themselves provide notice of the grounds relevant to the proceeding sufficient to satisfy the requirements of Rule 32 and U.S.S.G. § 6A1.3.").

Here, the PSR and Pennington's own knowledge of his prior case gave defense counsel adequate notice of the facts on which the district court relied in imposing condition eight. The PSR stated that Pennington had been convicted of "[f]ondling a [c]hild," and noted that "[a]ccording to the Indictment, between February 15, 2008, and February 16, 2008, the defendant touched and rubbed his hands and/or other parts of his body on the vagina of A.B., a female under the age of 14." The PSR did not state two facts, contained in the offense report, which the district court cited at sentencing: the exact age of the child (six), and the fact that Pennington was "dating or engaged in some relationship with" the child's mother when he committed the crime. Nevertheless, the fact that the child was six, and not another age "under . . . 14," as stated in the PSR, did not affect condition eight, which applies to all children under age 18. Although condition eight was based on information, omitted from the PSR, that the child's mother was Pennington's "girlfriend," Pennington had actual knowledge of that fact.[1] Given the expectation of communication between lawyer and client, above all when a sentencing court informs the parties of its intention to impose a non-heartland Guidelines sentence, Pennington's counsel had adequate notice to meaningfully respond to the district court's reference to facts in the 2008 offense report. We further note that the district court gave defense counsel an opportunity to comment "[a]t sentencing" on the factual basis for condition eight, Fed. R. Crim. P. 32(i)(1)(C), and that defense counsel did not request a continuance to further prepare a response. *Cf. Irizarry*, 553

---

[1] Pennington has not disputed the accuracy of this fact in the district court or on appeal.

No. 14-60182

U.S. at 715–16 (noting, in the context of an upward variance from the Guidelines, that where "the factual basis for a particular sentence . . . come[s] as a surprise to a defendant or the Government," the "appropriate response" is "for a district judge to consider granting a continuance when a party has a legitimate basis for claiming that the surprise was prejudicial").

II.     Substantive Challenge to Condition Eight

We review substantive reasonableness challenges to conditions of supervised release for abuse of discretion where, as here, the defendant objected in the district court. *United States v. Ellis*, 720 F.3d 220, 224 (5th Cir. 2013). A district court may impose any condition of supervised release "it considers to be appropriate," as long as certain requirements are met. 18 U.S.C. § 3583(d); *see also United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009). A condition of supervised release "must be related to one of four factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crime of the defendant; and (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Ellis*, 720 F.3d at 225 (internal quotation marks and alterations omitted) (quoting 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B)−(D)). In addition, "the condition cannot impose any 'greater deprivation of liberty than is reasonably necessary' to advance deterrence, protect the public from the defendant, and advance the defendant's correctional needs." *Weatherton*, 567 F.3d at 153 (quoting 18 U.S.C. § 3583(d)(2)). Finally, the condition must be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(3). Condition eight, as stated in the judgment, provides:

7

No. 14-60182

> The defendant may not date, engage in a relationship or co-habitat [sic] with an individual who has children under the age of 18 unless approved by the probation officer and third party risk issues have been identified and notification has been provided by the probation officer.

Pennington challenges only the condition's provisions on "dat[ing]" and "engag[ing] in a relationship," and not its provision on "co-habit[ing]." In light of vagueness concerns, we note that the record of the sentencing hearing makes clear that the terms "date" and "relationship" are used to convey romantic involvement. The district court, in explaining condition eight, stated that it "would require you to have the conversation with probation about your intent to engage in a relationship or cohabit with a *mate* that had small children so that probation could make *your partner, your girlfriend* aware of your history and let that person have knowledge of propensity." Based on this understanding of condition eight, we now analyze Pennington's arguments that the condition is overly broad and impermissibly vague.

A. <u>Overbreadth</u>

Pennington argues that condition eight involves a greater deprivation of liberty than is reasonably necessary to protect the public and prevent recidivism. *See* 18 U.S.C. § 3583(d)(2). Pennington's overbreadth argument depends on a misconstruction of the condition. He argues that under condition eight, he "would have to first get approval to write a letter to someone or if he were to think about striking up a casual conversation with a person anywhere." Pennington further claims that the condition would apply to his own daughter if she decided to have a child. Pennington overlooks that the terms "date" and "relationship," as imposed by this sentencing judge, involve romantic engagement.

Understood in the context of this record, condition eight is not overly broad. "Congress has made clear that children . . . are members of the public it seeks to protect by permitting a district court to impose appropriate conditions on terms of supervised release." *United States v. Rodriguez*, 558 F.3d 408, 417 (5th Cir. 2009). Pennington's previous conviction for fondling the child of a girlfriend points to a concern about the use of romantic relationships to reach children. *See Ellis*, 720 F.3d at 226 (finding that a restriction on contact with adults who have minor children was "related to public safety" given Ellis's "proclivity to use close relationships to reach children"). In addition, condition eight is not an absolute ban, but rather a requirement to obtain permission from the probation officer. *See Tang*, 718 F.3d at 487 ("The restriction on contact with minors . . . is not a greater deprivation than reasonably necessary as Tang can request permission to have contact with minors (or cohabitate with someone having minor children)."). Given these factors, condition eight is not broader than is reasonably necessary to protect the public and prevent recidivism. Our court has previously upheld similar conditions against overbreadth challenges. *See Rodriguez*, 558 F.3d at 411, 417–18 (upholding a condition prohibiting the defendant from "associating with any child or children under the age of eighteen, except in the presence and supervision of an adult specifically designated in writing by the probation officer"); *see also United States v. Byrd*, 551 F. App'x 726, 727 (5th Cir. 2013) (under plain error review, upholding a condition prohibiting Byrd from "entering into a relationship with anyone with minor children without approval from the probation officer"); *United States v. Cortez*, 543 F. App'x 411, 412 (5th Cir. 2013) (under plain error review, upholding a condition "conditionally restricting [Cortez] from dating or befriending anyone with children under the age of 18 who live at home").

No. 14-60182

Contrary to Pennington's argument, condition eight also is not redundant in light of condition six.[2] While condition six limits direct unsupervised contact with children, condition eight relates to romantic relationships with parents of minor children. Although the district court's purpose for imposing both conditions—to protect children and prevent recidivism—may be the same, the two conditions achieve that purpose in different ways.

B. Vagueness

Pennington also claims that condition eight is impermissibly vague. "Restrictions on an offender's ability to interact with particular groups of people . . . must provide fair notice of the prohibited conduct." *Paul*, 274 F.3d at 166 (internal quotation marks and citation omitted). But conditions need not be "precise to the point of pedantry." *Id.* at 167. "[C]ategorical terms can provide adequate notice of prohibited conduct when there is a commonsense understanding of what activities the categories encompass." *Id.*

Under a commonsense reading of condition eight, and in light of the district court's statements at sentencing, Pennington must obtain permission from the probation officer before cohabiting or becoming romantically involved with another person who has a child under age 18. Contrary to Pennington's argument, the condition does not apply to a "meeting with a friend" or "striking up a conversation with someone." Our court, reviewing for plain error a restriction on friendships, noted in dicta that "the term 'befriend' is vague and may have been subject to vacatur and remand to the district court for greater

---

[2] Condition six provides: "With the exception of unanticipated and/or incidental contact, the defendant shall have no direct unsupervised contact, including by correspondence, telephone, internet or other electronic communication, or through third parties, with children under the age of 18, except in the presence of an adult who has been approved in advance by the probation officer."

specificity" had the defendant objected on vagueness grounds in the district court. *Ellis*, 720 F.3d at 227 n.2. However, the requirement of romantic involvement provides sufficient specificity to put Pennington on notice of when he must notify and seek approval from his probation officer.[3]

III.    Reasonableness of Upward Variance

Pennington challenges the procedural and substantive reasonableness of his 84-month sentence, which is 43 months greater than the top of his Guidelines range. Because Pennington did not challenge the procedural reasonableness of his sentence in the district court, we review that argument for plain error. Under plain error review, "we may not provide relief unless there was (1) error, (2) that is plain, and (3) that affects substantial rights. Even when these elements are met, we have discretion to correct the forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Tang*, 718 F.3d at 482–483 (internal quotation marks and citations omitted). Pennington argues that his sentence is procedurally unreasonable because the district court did not adequately explain the

---

[3] We may part ways here with the Second Circuit. *See United States v. Reeves*, 591 F.3d 77, 80–81 (2d Cir. 2010) (finding "too vague to be enforceable" a condition requiring the defendant to notify the probation department "when he establishes a significant romantic relationship"). *But see State v. Maddox*, Nos. 2010-194, 2010-195, 2010-196, 2011 WL 4979925, at *2 (Vt. 2011) (finding that a condition requiring the defendant to "inform the probation officer of his intent to begin a romantic or dating relationship" was "sufficiently clear to put defendant on notice" and distinguishing *Reeves* on the ground that the condition did not include the term "significant"). The Second Circuit cites Hollywood for the truth that relationships often begin, and continue, with romantic uncertainty. *Reeves*, 591 F.3d at 81. However, while the line between friendship and romance may not be immediately clear to a moviegoer, or even to the target of affections, Pennington should know when he intends to become romantically involved with another person. Regardless, courts every day are obliged to adjudicate criminal cases, even with arrested persons and not twice-convicted sex offenders, and must assess and impose no-contact orders, as well as lesser restrictions on personal associations. 18 U.S.C. § 3142(c)(B)(iv); *see generally United States v. Salerno*, 481 U.S. 739 (1987).

sentence and failed to address the mitigating factors that Pennington offered. These factors include Pennington's history of mental illness, his homelessness, his low level of education, and his lack of family support.

It is procedural error to "fail[] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). "A sentence within the Guidelines range will require little explanation, but where a party 'presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments.'" *United States v. Rouland*, 726 F.3d 728, 732 (5th Cir. 2013) (first internal quotation marks and citation omitted) (quoting *Rita*, 551 U.S. at 357). In *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013), we held that the sentencing judge adequately explained her reasons for rejecting mitigating evidence and imposing an upward variance where she "heard and considered the evidence and arguments, repeatedly questioned Fraga, the prosecution and the probation officer, and gave Fraga multiple opportunities to speak and present mitigating evidence," before adopting the PSR and concluding that an "upward variance was necessary to deter future criminal conduct and to protect the public."

At Pennington's sentencing, the district court listened to Pennington's arguments and gave him and his counsel several opportunities to speak. The court told Pennington, "I hear what you are saying regarding the lack of resources that have been available to you." Nevertheless, the court stated that an upward variance was appropriate based on the sentencing factors listed in

No. 14-60182

§ 3553(a), including "the nature and circumstances of the offense," "the history and characteristics of the defendant," the need "to protect the public," and the need "to afford adequate deterrence to criminal conduct." The court thoroughly explained the factual basis for the variance, including Pennington's two prior convictions for sex offenses, his repeated failure to register as a sex offender, and his numerous violations of probation. We find no plain error in the court's explanation of its sentence or its response to Pennington's arguments.

Pennington also objects to the substantive reasonableness of his sentence. We review Pennington's argument for abuse of discretion because he objected on that basis in the district court. *See id.* In reviewing Pennington's sentence for substantive reasonableness, we must consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51; *see also United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). However, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. Moreover, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* "A sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (internal quotation marks and citation omitted). Pennington argues that the district court failed to account for the mitigating factors that he highlighted, and that it gave excessive weight to his criminal history.

We find Pennington's arguments unpersuasive. As noted above, the district court considered the mitigating factors that Pennington presented. The

13

court nevertheless decided that other factors, including Pennington's criminal history, supported a significant variance. We have held that "[a] defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline[s] sentence." *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). "And, we have previously found it permissible for a sentencing judge to evaluate the 'nature and circumstances of the offense and the history and characteristics of the defendant' and conclude that it would deviate 'to afford adequate deterrence to criminal conduct' and 'to protect the public from further crimes of the defendant.'" *Fraga*, 704 F.3d at 440 (internal quotation marks, alterations, and citation omitted) (holding that "the district court judge did not abuse her discretion in giving significant weight to Fraga's criminal history and its characteristics"). Given the deference we owe to the sentencing court, we find no abuse of discretion in the imposition of the variance. *See United States v. McElwee*, 646 F.3d 328, 337–38 (5th Cir. 2011) (stating that a substantial deviation from the Guidelines did not constitute an abuse of discretion where it was "commensurate with the individualized, case-specific reasons provided by the district court" (internal quotation marks and citation omitted)).

## CONCLUSION

For the above reasons, Pennington's sentence is AFFIRMED.