# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40249
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE FELIPE RAMON,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-994

Before BENAVIDES, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jose Felipe Ramon pleaded guilty to one count of possession with intent to distribute over 100 kilograms of a mixture or substance containing a detectable amount of marijuana, and he was sentenced within the guidelines range to 135 months of imprisonment and eight years of supervised release. On appeal, Ramon contends that the district court committed significant procedural error by sua sponte applying the enhancement set forth in U.S.S.G.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40249

§ 2D1.1(b)(12), without providing him notice as required by Federal Rule of Criminal Procedure 32. Because Ramon did not raise this claim of error in the district court, our review is for plain error. *See United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001).

Rule 32 sets forth various requirements pertinent to sentencing, including the requirement that the presentence report "identify all applicable guidelines and policy statements of the Sentencing Commission." FED. R. CRIM. P. 32(d)(1)(A). Nonetheless, while "[t]he PSR is often conclusive, . . . final decision-making power must . . . reside with the district court, and the court must have sufficient flexibility to deal with factors not covered in the PSR or arising after its writing." *United States v. Knight*, 76 F.3d 86, 89 (5th Cir. 1996). Thus, in a case such as the instant one, where Ramon had actual knowledge of the facts upon which the district court based the enhancement under § 2D1.1(b)(12), "the Guidelines themselves put defense counsel on notice that all possible grounds for enhancement . . . are on the table at a sentencing hearing." *Id.* at 88. Ramon therefore has not demonstrated any plain error with respect to his challenge to his sentence under Rule 32. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.