# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50136

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JAMES ALLEN CARAVAYO,

      Defendant - Appellant

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1581-1

---

Before REAVLEY, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

    James Allen Caravayo previously challenged a special condition of supervised release absolutely prohibiting him from dating anyone with children under the age of eighteen. He prevailed. *See United States v. Caravayo*, 809 F.3d 269 (5th Cir. 2015). We ordered resentencing but indicated that the special condition may yet be proper depending on the findings made by the sentencing judge on remand. *Id.* at 276. On remand, the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50136

struck the dating restriction altogether and instead required that if "the defendant begins to date anyone with children under the age of 18, he must immediately notify the probation officer." Caravayo again appeals.

BACKGROUND

Caravayo pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252, served a prison sentence, and is now on supervised release. In 2014, his supervised release was revoked due to a Texas misdemeanor conviction. At the revocation hearing, the district court imposed a 90-day sentence and re-imposed all prior conditions of supervised release. Caravayo, however, successfully appealed from Special Condition Six, which prohibited him from "dat[ing any] women/men who have children under the age of eighteen." We ruled in Caravayo's favor "[b]ecause the district court made no specific factual findings" establishing that the condition "was reasonably related to one of the four factors under [18 U.S.C.] § 3553(a), and because the record d[id] not clearly substantiate such a relationship." *Id.* at 275.

While that appeal was pending, Caravayo was busy violating the terms of his supervised release. Most notably, he used the Internet to access a website ostensibly geared toward the "nudist" lifestyle—a website that included images of nude children as well as adults. The district court was aware of this violation when it held the revocation hearing on remand. While it struck Special Condition Six entirely, it imposed the special condition now challenged on appeal. This "notice condition" was appended to Special Condition One and requires Caravayo to immediately inform his probation officer if he begins dating anyone with children under the age of eighteen.

DISCUSSION

I

As amended, Special Condition One now requires that "[i]n the event that the defendant begins to date anyone with children under the age of 18, he

No. 16-50136

must immediately notify the probation officer." Caravayo notes disagreement regarding what it means, in common parlance, to *date* someone. He contends the term is therefore impermissibly vague and ambiguous—that it does not afford him fair notice of what conduct is required, or prohibited. In the first appeal on this matter, however, he made no objection whatsoever to that very same word, which also appeared in the prior Special Condition Six—"date." Special Condition Six presented the same (supposed) risk; it prohibited Caravayo from dating certain people but did not separately define what it meant to *date*.

When an argument is not made on appeal and is thus waived, that waiver applies to any subsequent appeal. *Lindquist v. City of Pasadena Texas*, 669 F.3d 225, 239 (5th Cir. 2012). "The doctrine promotes procedural efficiency and 'prevents the bizarre result that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost.'" *Id.* at 239–40 (quoting *Nw. Indiana Tel. Co. v. F.C.C.*, 872 F.2d 465, 470 (D.C. Cir. 1989)). This rule applies here.

Our prior opinion did not establish the law of the case because it did not decide (either expressly or "by necessary implication") whether there was any constitutional problem with a special condition that is triggered when the defendant begins to "date." *See In re Felt*, 255 F.3d 220, 225 (5th Cir. 2001) (quoting *Browning v. Navarro*, 887 F.2d 553, 556 (5th Cir. 1989)). But the fact of this second appeal does not provide Caravayo an opportunity to make an argument that he should have made in the first appeal. Appeals taken from a defendant's resentencing on remand must be limited to new issues that materialized at resentencing and cannot raise an argument that should have been presented in the first appeal.

No. 16-50136

II

To the extent Caravayo challenges the notice condition as being unsupported by the record, we review only for an abuse of discretion. *United States v. Hu*or, 852 F.3d 392 (5th Cir. 2017).

> [S]uch conditions must be reasonably related to one of the following statutory factors: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need to afford adequate deterrence to criminal conduct; (iii) the need to protect the public from further crimes of the defendant; and (iv) the need to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.

*United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014) (citing 18 U.S.C. § 3553(a)(1)–(2)).

And they "cannot involve a 'greater deprivation of liberty than is reasonably necessary' to achieve the statutory goals." *Id.* (quoting *United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001)).

According to Caravayo, the notice condition is not reasonably related to the statutory factors and unduly interferes with his First Amendment rights, especially given that he is already prohibited from unsupervised contact with minors.

The notice condition clearly relates to the first three statutory factors—the history and characteristics of the defendant coupled with the nature and circumstance of his offense, deterrence of criminal conduct, and protection of the public. We find the relation reasonable. It is essentially conceded that Caravayo is a sick man who should be kept far from children. Thus he does not challenge the conditions prohibiting him from "unsupervised contact with any child under age 18" and from loitering near places where children are likely to be found. The notice condition directly aids the probation office in ensuring that Caravayo does not harm children, both by alerting the probation

4

officer to particular children within Caravayo's social orbit and by affording the officer an opportunity to advise at-risk persons of Caravayo's criminal background.

Moreover, based on the record, Caravayo is either unrepentant or beyond help. While the defendant's counsel was diligently advocating on his behalf during the prior appeal, Caravayo was violating conditions of his supervised release by viewing images of nude children on the Internet. The record shows that the district court is very worried about the risks Caravayo poses as a member of society. The sentencing judge has seen and spoken with this man and knows far more about him than we do. We are not inclined to second-guess the district court's views on Caravayo, but even if we were, such second-guessing is inappropriate. *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013).

We reject Caravayo's argument that the notice condition is redundant and therefore necessarily unnecessary. It is true that the condition prohibiting "unsupervised contact" with minor children is also intended to keep Caravayo from harming children, but a sentencing court is within its discretion to seek a worthy ends through multiple means. *United States v. Pennington*, 606 F. App'x 216, 223 (5th Cir. 2015). Caravayo also contends that the notice condition is uncalled for because he has never exploited a dating relationship to prey upon children. But we dismiss the idea that a harm must befall the public before sentencing courts are empowered to protect against that harm. And the argument is particularly unpersuasive here, where the parties seem to agree on the propriety of sentencing conditions that keep Caravayo away from children. Again, the notice condition is simply another reasonable means of promoting that goal.

Finally, we reject Caravayo's First Amendment-related arguments. In *Caravayo*, we noted that the absolute dating restriction might be warranted on

No. 16-50136

remand.  809 F.3d at 275.  The district court has stricken the dating restriction entirely and replaced it with a notice condition.  Assuming that the notice condition interferes with Caravayo's right to free association, the interference is minimal and "reasonably necessary in light of the nature and circumstances of [his] offense and the legitimate need to prevent recidivism and protect the public."  *Paul*, 274 F.3d at 167.

## CONCLUSION

For the foregoing reasons, Caravayo's sentence is AFFIRMED.