**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2013

No. 11-30479

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

KEVIN D. ESLER,

Defendant – Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-35-1

Before REAVLEY, JOLLY, and SMITH, Circuit Judges.

PER CURIAM:[*]

Kevin D. Esler was charged in a two-count indictment with receipt of child pornography and possession of child pornography. He pled guilty, however, only to the receipt count. At sentencing, the district court imposed an upward variance, sentencing Esler to 70 months of imprisonment followed by a 20-year term of supervised release. The court further ordered $37,750 in mandatory restitution pursuant to 18 U.S.C. § 3663(a) and § 2259. Esler objects to both the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30479

restitution order and the conditions of supervised release. Finding no error, we AFFIRM.

I.

When he was 18 or 19 years old, Esler befriended 12-year-old J.S., the victim, while playing an online video game. The two exchanged text messages in which Esler sent pornographic images to J.S., discussed sexual acts with him, and continually requested pictures of J.S.'s genitals, which J.S. was reluctant – and initially unwilling – to provide. Esler told J.S. that he was bisexual, depressed, and that he had suicidal thoughts and would kill himself if J.S. did not send the requested picture. Eventually J.S. complied and sent Esler a picture of his erect penis via text message. After receiving the photo, Esler immediately demanded that J.S. send additional pictures. Moreover, Esler threatened to post the original photo online if J.S. did not comply with his demand.

During this time period, J.S.'s mother noticed that he had stopped eating, had trouble sleeping, and had started to lose weight. Although J.S. had previously gotten As in school, he began getting Cs, and his teachers started sending notes home. J.S.'s mother eventually discovered the text messages from Esler on J.S.'s cell phone. She subsequently notified the authorities. During the investigation, authorities discovered both the original image of J.S. and a nude image of an unidentified child. They also discovered sexually explicit text messages Esler had sent to a 15-year-old girl, which discussed Esler's sending sexually explicit images.

Esler pled guilty to receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and was sentenced to a 70-month prison term. On appeal, he challenges the district court's restitution order and two of his conditions of supervised release.

No. 11-30479

II.

First, we address Esler's argument with respect to his conditions of supervised release. We review conditions of supervised release for abuse of discretion. *United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001).

Both of the conditions Esler challenges restrict his contact with children.[1] The broader condition states:

> The defendant shall not have any contact with any child under the age of 18 . . . without the prior approval of the United States Probation Office. If approved, the defendant must be accompanied by a responsible adult who is aware of his/her conviction and supervision status, and who has been approved in advance by the United States Probation Office. Contact includes, but is not limited to: physical contact, verbal communication, and/or electronic communication such as e-mail. Contact also includes congregating and/or loitering around school yards, playgrounds, swimming pools, arcades, zoos or other places frequented by children under the age of 18. Incidental contact in normal daily commercial life such as, but not limited to, making purchases at a retail establishment, is permissible.

The second, more specific condition states:

> The defendant shall not date or cohabitate with anyone who has children under the age of 18 without approval of U.S. Probation.

Esler objected to both conditions in his pre-sentencing memorandum, and the district court noted his objection at the sentencing hearing. Esler generally argues that the conditions are overly restrictive and constitute an excessive burden on his liberty. The government, however, properly notes that Esler's conduct targeted minors, and as such, it is reasonable to monitor his contact with children following his release from prison.

---

[1] Esler also challenges the condition of supervised release restricting his access to the internet. His argument, however, is without merit in the light of *United States v. Miller*, 665 F.3d 114, 133-34 (5th Cir. 2011).

3

No. 11-30479

In *United States v. Miller*, 665 F.3d 114 (5th Cir. 2011), we affirmed a 25-year term of supervised release, where the defendant had "pled guilty to one count of transportation of child pornography." 665 F.3d at 116. Although the condition at issue in *Miller* restricted the defendant's internet usage, our discussion with respect to the role of the Probation Office is relevant here. *See id.* at 127. We assumed "the Probation Office [would] reasonably exercise its discretion," and noted that, "The district court's restrictions . . . permit flexibility by allowing the probation officer to consider all the circumstances." *Id.* at 133-34 (citation omitted). As such, we concluded that, "This is a reasonable means of balancing [the defendant's] rights and the goal of protecting minors." *Id.* at 133.

In the instant case, both challenged conditions permit Esler to seek exceptions from the Probation Office. Thus, in the light of *Miller* and Esler's conduct in targeting children through a video game system, we conclude that the district court did not abuse its discretion in imposing the conditions of supervised release.

III.

Next, we address Esler's challenge to the district court's restitution order. We review the legality of a restitution order *de novo*. *United States v. Arledge*, 553 F.3d 881, 897 (5th Cir. 2008). But, if the order is legally permitted, we review the amount of restitution for an abuse of discretion. *Id.* In this case, the district court ordered $37,750 in restitution for J.S.'s private school tuition and the cost a new cellular phone.[2]

18 U.S.C. § 3663(a) and § 2259 were the statutory bases for the district court's restitution order. *Cf. United States v. Love*, 431 F.3d 477, 479 (5th Cir.

---

[2] To the extent Esler challenges the amount of the restitution award, the district court properly tailored the order to allow for reductions in the amount of restitution based on financial aid receipt or eventual admittance into one of the select prep schools. We thus find that the district court did not abuse its discretion in determining the proper amount.

2005) ("A federal court cannot order restitution 'except when authorized by statute.'" (citation omitted)).  Pursuant to section 2259(a), "the court shall order restitution for any offense under this chapter." *Id.*  And, it is undisputed that Esler's conviction for receipt of child pornography is covered under section 2259. Section 2259(b)(1) requires that, "The order of restitution . . . direct the defendant to pay the victim . . . *the full amount of the victim's losses.*"  *Id.* (emphasis added).  Indeed, we previously have stated that section 2259 "reflects a broad restitutionary purpose," and even when "full restitution may appear harsh, it is not grossly disproportionate to the crime of receiving and possessing child pornography." *In re Amy Unknown*, 701 F.3d 749, 760, 772 (5th Cir. 2012) (en banc), *petition for cert. filed* (Jan. 31, 2013) (No. 12-8505), *and petition for cert. filed* (Jan. 31, 2013) (No. 12-8561).

Applicable to the instant case is section 2259(b)(3)(F).  Subsection (F) requires restitution for "any other losses suffered by the victim *as a proximate result* of the offense." *Id.* (emphasis added).  Thus, unlike the other provisions of section 2259(b)(3), subsection (F) requires a showing of proximate cause before restitution can be ordered.

In *In re Fisher*, 640 F.3d 645 (5th Cir. 2011), we addressed proximate cause with respect to the Crime Victims' Rights Act. *See id.* at 648.  We stated that, "A person is proximately harmed when the harm is a reasonably foreseeable consequence of the criminal conduct." *Id.* (citing *United States v. Vaknin*, 112 F.3d 579, 590 (1st Cir. 1997), for its formulation of proximate cause as a requirement that ensures "the causal nexus between the conduct and the loss is not too attenuated (either factually or temporally)" (internal quotation marks omitted)); *see also Lewis v. Walston & Co., Inc.*, 487 F.2d 617, 622 (5th Cir. 1973), *disagreed with on other grounds by Pinter v. Dahl*, 486 U.S. 622

No. 11-30479

(1988) (defining proximate cause with reference to whether the individual's actions "were a 'substantial factor' . . . and thus the 'proximate cause'").

Esler's primary argument is that his conduct of conviction—receipt of child pornography—was not the proximate cause of J.S.'s substantial academic decline. He rather ironically suggests that, if he is responsible at all for J.S.'s poor grades, it was his post-offense threats and harassment of J.S. that proximately caused the academic decline. The victim impact statements indicate that J.S. certainly suffered harm from Esler's post-offense threats. But, in order to conclude that the restitution award legally was permissible, we must determine only whether J.S.'s academic decline was "a reasonably foreseeable consequence of [Esler's] criminal conduct"—i.e., Esler's coercive actions in soliciting and receiving J.S.'s photo. *See Fisher*, 640 F.3d at 648.[3]

A review of the record demonstrates clearly that Esler's criminal conduct was causally related to, and had a substantial nexus with, J.S.'s academic decline. The government references numerous examples of J.S.'s erratic behavior that are correlated with his failings in school. For example, J.S. actively was attempting to conceal his contact with Esler from his family; he was worried about his family discovering the image of his genitalia and learning that he had sent the image to Esler; and J.S. suffered great shame when the image actually was discovered by his mother. Sufficient evidence thus exists to link Esler's persistent requests for J.S. to take and send a nude photograph—combined with Esler's apparent threat to commit suicide if J.S. did not provide such a picture—with J.S.'s scholastic decline.

---

[3] Contrary to Esler's argument, we are not required to apportion the amount of loss between his conduct of conviction and his post-offense threats and harassment of J.S. All that we must decide is whether his receipt of child pornography was a substantial factor in causing J.S.'s harm. *See Lewis*, 487 F.2d at 622; *see also United States v. Crandon*, 173 F.3d 122, 126 n.2 (3d Cir. 1999).

No. 11-30479

It is reasonably foreseeable that harassing a minor into sending a nude image of himself would cause great stress and anxiety such that his academic achievement would be impacted.  We therefore find that the restitution order was legally imposed pursuant to 18 U.S.C. § 3663(a) and § 2259.

## IV.

For the foregoing reasons, the sentence and restitution order imposed by the district court are

AFFIRMED.