**REVISED January 4, 2016**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50773

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JAMES ALLEN CARAVAYO,

Defendant – Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas

Before KING, SMITH, and ELROD, Circuit Judges.

PER CURIAM:

The district court imposed a blanket supervised release condition that bars Defendant James Allen Caravayo—who was originally convicted of possessing child pornography—from dating any adult with minor children. Caravayo challenges the dating restriction, arguing that it violates 18 U.S.C. § 3583(d) and his First Amendment right of free association. Because the dating restriction was not supported by a factual finding or otherwise clearly substantiated by the record, we VACATE the sentence and REMAND for resentencing.

No. 14-50773

## I.

In November 2005, Caravayo pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252. The district court sentenced him to 96 months' imprisonment followed by 10 years of supervised release, subject to several supervised release conditions. Caravayo appealed his sentence, and we dismissed the appeal as frivolous. *See United States v. Caravayo*, 257 F. App'x 804 (5th Cir. 2007).

Caravayo served out his prison term, and the supervised release period commenced in November 2012. In May 2014, the government filed a motion to revoke Caravayo's supervised release, alleging several violations of Caravayo's release conditions. At the revocation hearing, the government abandoned all of the alleged violations except for a Texas misdemeanor conviction for Failure to Identify, to which Caravayo admitted. Based on that admitted violation, the district court revoked Caravayo's supervised release, sentenced him to 90 days' imprisonment, and re-imposed the balance of his original supervised release term, subject to the same conditions.

At issue here is Special Condition Six, which prohibits Caravayo from "dat[ing any] women/men who have children under the age of eighteen." At the revocation hearing, Caravayo's counsel objected to Special Condition Six on the ground that it violated Caravayo's First Amendment right of free association. Caravayo argued that other more narrowly tailored conditions could achieve the same goal, including one of his already applicable conditions prohibiting unsupervised contact with minors. Without ruling on his objection, the district court re-imposed all of the original supervised release conditions, including Special Condition Six. Caravayo appeals and argues that Special Condition Six fails to meet the criteria imposed by 18 U.S.C. § 3585(d) for special conditions and violates his First Amendment right of free association.

No. 14-50773

## II.

We review a preserved challenge to a special condition of supervised release for abuse of discretion. *United States v. Fernandez*, 776 F.3d 344, 345 (5th Cir. 2015). Caravayo clearly objected to Special Condition Six on First Amendment grounds at his revocation hearing and thus preserved that challenge. *See United States v. Bird*, 124 F.3d 667, 684 (5th Cir. 1997) (reviewing for abuse of discretion a First Amendment challenge to a special condition of supervised release when the defendant objected to the condition based on the First Amendment and argued that the condition was not narrowly tailored and was duplicative, but did not mention the statutory requirements of § 3583). Caravayo's objection was more than a "[v]ague reference[] to the First Amendment," as the dissenting opinion suggests; rather, it referenced the criteria on which his First Amendment challenge must now be judged:

> [Special Condition Six] is in violation of the First Amendment, Your Honor, frankly a freedom of association. There are much more narrowly-tailored possibilities, which are actually included, which are him not having contact with minors and/or not having contact with minors without the predetermination of his probation, but a blanket prohibition of him dating anyone, because they have a minor, frankly, Your Honor, I've never seen this condition before and so I note that and flag that with an objection to that.

However, because Caravayo did not object to the condition on the basis of § 3583(d), we review Caravayo's statutory challenge for plain error.[1]

---

[1] While Caravayo's statutory and constitutional challenges turn on largely the same considerations, his sufficient First Amendment objection to Special Condition Six was nevertheless insufficient to notify the district court of a § 3583(d) challenge "so that the district court [could] correct itself and . . . obviate the need for our review." *United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011). The dissenting opinion posits that Caravayo's failure at the revocation hearing to cite § 3583(d) renders his First Amendment challenge unpreserved as well. But we have never required a defendant to cite § 3583(d) to preserve a First Amendment challenge, and there is no reason to impose such a requirement.

No. 14-50773

## III.

## A.

As is our practice, we turn first to the statutory challenge. Caravayo's statutory challenge asserts that Special Condition Six does not satisfy § 3583(d) because the condition is not "reasonably related" to § 3553's factors and is a greater deprivation of liberty than is reasonably necessary to achieve the three statutory goals of § 3583(d)(2). Section 3583(d)(1) requires that a condition of supervised release be "reasonably related to the factors set forth in [18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D)]," which are:

> (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need "to afford adequate deterrence to criminal conduct," (3) the need "to protect the public from further crimes of the defendant," and (4) the need "to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner."

*United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001) (alteration in original) (quoting 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D)). A special condition must also "involve[] no greater deprivation of liberty than is reasonably necessary" to achieve the latter three statutory goals of § 3553(a)(2).[2] *Id.*; *see* § 3583(d)(2).[3]

Because Caravayo's statutory challenge is subject to plain error review, he must show that the district court erred, that the error was plain, and that the plain error affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if these conditions are met, our discretion to

---

[2] A condition must also be "consistent with any pertinent policy statements issued by the [U.S.] Sentencing Commission," 18 U.S.C. § 3583(d)(3), but Caravayo does not challenge Special Condition Six on this ground.

[3] These twin statutory requirements substantially track the test we have applied to First Amendment challenges to special conditions of supervised release, discussed in greater detail below. *See, e.g.*, *United States v. Hilliker*, 469 F. App'x 386, 389 (5th Cir. 2012) (unpublished) (rejecting First Amendment challenge to a supervised release condition because the condition was "reasonably related to affording adequate deterrence to criminal conduct and protecting the public from further crimes of the defendant").

correct the error "ought to be exercised only if the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). For the reasons discussed below, the imposition of Special Condition Six was error. However, Caravayo's statutory challenge cannot succeed on plain error review because he fails to argue that the alleged error affected the fairness, integrity, or public reputation of judicial proceedings. "We have . . . refused to correct plain errors when, as here, the complaining party makes no showing as to the fourth prong." *United States v. Rivera*, 784 F.3d 1012, 1018 n.3 (5th Cir. 2015); *see United States v. Andaverde–Tinoco*, 741 F.3d 509, 523 (5th Cir. 2013) ("[T]he burden is on the defendant to demonstrate that the error affects the fairness, integrity, or public reputation of judicial proceedings."), *cert. denied*, 134 S. Ct. 1912 (2014). Because Caravayo's statutory challenge to Special Condition Six fails, we turn to his First Amendment challenge.

**B.**

We review Caravayo's First Amendment challenge to Special Condition Six for abuse of discretion. *United States v. Salazar*, 743 F.3d 445, 448 (5th Cir. 2014). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009) (internal alterations and quotation marks omitted).

"It is axiomatic that the infringement of constitutional liberties occurs concomitantly with conviction of a crime, and many conditions of supervised release therefore permissibly infringe liberty interests." *United States v. Woods*, 547 F.3d 515, 519 (5th Cir. 2008). As such, a condition "is not necessarily invalidated merely because it impairs a [supervisee's] enjoyment of constitutional rights." *United States v. Stafford*, 983 F.2d 25, 28 (5th Cir.

1993).    All discretionary conditions of supervised release, however, must conform to the requirements in § 3583(d).  *See id.*; *United States v. Fields*, 777 F.3d 799, 802–03 (5th Cir. 2015).

A special condition of supervised release like the one challenged by Caravayo must comply with § 3583(d) to survive a First Amendment challenge. *See United States v. Paul*, 274 F.3d 155, 169 (5th Cir. 2001) (affirming that "supervised release conditions restricting . . . First Amendment freedoms are permissible if the statutory tailoring requirements are satisfied" and holding the requirements of § 3583(d) satisfied); *United States v. Bird*, 124 F.3d 667, 684 (5th Cir. 1997) (rejecting a First Amendment challenge to a special condition because the "district court was within its authority conferred by 18 U.S.C. § 3583(d)").    Because Special Condition Six does not comply with § 3583(d) for the reasons discussed below, we hold that Special Condition Six violates Caravayo's First Amendment right of association and, accordingly, we vacate Caravayo's sentence and remand for resentencing.

Under § 3583(d), a discretionary condition must be "reasonably related" to one of the four factors under § 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the deterrence of criminal conduct; (3) the protection of the public from further crimes of the defendant; and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant.  *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009) (citing § 3553(a)(1), (a)(2)(B)–(D)).  The condition must also impose no greater deprivation of liberty than is reasonably necessary to advance deterrence, protect the public from the defendant, or advance the defendant's correctional needs.  *Id.*

No. 14-50773

Caravayo correctly contends that the First Amendment protects an individual's right "to enter into and maintain certain intimate human relationships . . . against undue intrusion by the State." *Louisiana Debating & Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1493 (5th Cir. 1995) (quoting *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617–18 (1984)). Caravayo argues that Special Condition Six is not reasonably related to the § 3553(a) factors because the district court did not provide any "specific facts [or] evidence" justifying the condition in light of the factors. Special Condition Six is a greater-than-necessary deprivation of his First Amendment liberty, Caravayo argues, because the condition is an absolute restriction on whom he may date that does not allow exceptions with the permission of his probation officer and because his supervised release terms already contain a restriction prohibiting any unsupervised contact with minors.

Because the district court made no specific factual findings to establish that Special Condition Six was reasonably related to one of the four factors under § 3553(a), and because the record does not clearly substantiate such a relationship, the district court abused its discretion. A district court must "set forth factual findings to justify special probation conditions" in terms of the § 3553(a) factors. *Salazar*, 743 F.3d at 451 (citation omitted) (vacating a special condition of supervised release); *accord United States v. Prieto*, 801 F.3d 547, 550 (5th Cir. 2015). In the absence of a factual finding, a court of appeals may nevertheless affirm a special condition "where the [district] court's reasoning can be inferred after an examination of the record." *Salazar*, 743 F.3d at 451. On the other hand, "[w]here the district court's rationale" in imposing the special condition "is unclear" even after a review of the record, the special condition must be vacated as an abuse of discretion. *Id.*

7

Special Condition Six is not clearly related to the § 3553(a) factors under this record. Caravayo's offense conduct is reprehensible, but unlike the defendants in other cases in which we have upheld similar dating restrictions, Caravayo does not have a history of inappropriate contact with minors or of using relationships with adults to reach children. *See United States v. Pennington*, 606 F. App'x 216, 219 (5th Cir.) (unpublished) (defendant had previously abused the child of a woman he was dating), *cert. denied*, 136 S. Ct. 166 (2015); *United States v. Ellis*, 720 F.3d 220, 224 (5th Cir. 2013) (record included evidence of defendant's prior child molestation and "proclivity to use close relationships to reach children"); *United States v. Esler*, 531 F. App'x 502, 504, 506 (5th Cir. 2013) (unpublished) (defendant in child pornography receipt case had interacted with his child victim, requesting nude photographs). In all three cases, "the [district] court's reasoning" in imposing a dating restriction "c[ould] be inferred after an examination of the record." *Salazar*, 743 F.3d at 451. The absence of similar evidence here does not mean that a dating restriction is *per se* unwarranted. But it does mean that, unlike in *Pennington*, *Ellis*, and *Esler*, "the district court's rationale" in imposing the dating restriction "is unclear" after a review of the record. *Salazar*, 743 F.3d at 451.

In addition, neither the district court's factual findings nor the record itself makes clear that Special Condition Six is no greater a deprivation of liberty than reasonably necessary to achieve the statutory sentencing goals. § 3583(d)(2). Special Condition Six, unlike the dating restrictions we upheld in each of the three cases noted above, does not allow for exceptions with the permission of a probation officer.[4] The possibility of a less restrictive

---

[4] Importantly, "the possibility of future judicial modification has no bearing on whether the district court abused its discretion today." *United States v. Duke*, 788 F.3d 392, 401 (5th Cir. 2015). Indeed, the possibility of future judicial modification is relevant only to

alternative is not necessarily fatal to a blanket special condition, but the reasonable necessity of such a broad condition must be either supported by a factual finding or otherwise evident from the record. *See Paul*, 274 F.3d at 171 (upholding restriction that did not allow exceptions with permission of a probation officer because, "[w]hile the district court made no explicit finding" that such a broad condition was reasonably necessary, there was "ample evidence in the record supporting" the condition's necessity). Here, there is neither a district court factual finding nor clear evidence in the record as to why an unconditional dating restriction was reasonably necessary or as to why a restriction allowing for exceptions with the permission of a probation officer—akin to the dating restrictions we have previously upheld—would be inadequate. Moreover, the record does not contain any discussion or finding regarding the reasonable necessity of the dating restriction in light of Caravayo's separate and unchallenged prohibition on unsupervised contact with minors.

We recognize that "Congress has made clear that children . . . are members of the public it seeks to protect by permitting a district court to impose appropriate conditions on terms of supervised release." *United States v. Rodriguez*, 558 F.3d 408, 417 (5th Cir. 2009). Although bound by the statutory requirements in §§ 3553(a) and 3583(d), district courts have "wide discretion in imposing terms and conditions of supervised release." *Paul*, 274 F.3d at 164; *see also* § 3583(d) ("The court may order . . . any other condition it considers to be appropriate . . . ."). District courts are free to craft special conditions, including a condition like Special Condition Six, according to the facts of the case before them and the limits of § 3583(d).

---

a decision whether to correct plain error. *See United States v. Prieto*, 801 F.3d 547, 554 (5th Cir. 2015).

No. 14-50773

But special conditions must be tailored to the individual defendant and may not be based on boilerplate conditions imposed as a matter of course in a particular district.[5] *See United States v. Duke*, 788 F.3d 392, 403 (5th Cir. 2015) (vacating special condition that banned all contact with minors in perpetuity where "the record d[id] not support imposing such a sweeping ban for such an extended duration of time"). Where a timely objection is made to a special condition and the record does not clearly contain any discussion, factual finding, or other support for that special condition, we must vacate and remand for resentencing. *See Salazar*, 743 F.3d at 451; *Woods*, 547 F.3d at 519–20. Nothing in this opinion is intended to bar the district court from considering the imposition of any special condition at resentencing.

## IV.

For the foregoing reasons, we VACATE the sentence and REMAND for resentencing not inconsistent with this opinion.

---

[5] At oral argument, Caravayo's counsel noted the emergent practice in the Western District of Texas of including certain special conditions in the Pre-Sentence Report (PSR) as a matter of course, with the result that those conditions are often imposed by the court without factual findings as if they were standard conditions. Indeed, during oral argument in *United States v. Hudson*, No. 14-50004, 2015 WL 5306547 (5th Cir. Sept. 11, 2015) (unpublished), argued at the same session as this case, the government acknowledged "that is a policy we've adopted in the Western District of Texas." A special condition should not automatically be imposed even if it is recommended in the PSR. Rather, district courts must "set forth factual findings to justify" each special condition. *Salazar*, 743 F.3d at 451.

No. 14-50773

KING, Circuit Judge, dissenting:

I would affirm the sentence imposed by the district court on revocation of Caravayo's supervised release.

I look first at the objectives of a sentence for a violation of supervised release. As we summarized recently, "'postrevocation sanctions [are treated] as part of the penalty for the initial offense,' rather than [as] a penalty for the offense constituting a violation of the terms of supervised release." *United States v. Rivera*, 797 F.3d 307, 308 (5th Cir. 2015) (quoting *Johnson v. United States*, 529 U.S. 694, 700 (2000)). The district court may also consider the seriousness of the conduct constituting a violation of the conditions of supervised release in this type of sentencing. *Id.* at 308–09. In light of this framework, the details of Caravayo's original offense are important. While the majority never confronts those details, a full discussion of Caravayo's offense history helps explain the district court's decision to re-impose the same conditions of supervised release that Caravayo had originally received.[1]

Prior to October 28, 2004, the U.S. Immigration and Customs Enforcement Office (ICE) in El Paso, Texas, received information from the ICE Cyber Crimes Center that an individual in the El Paso area was accessing various Internet websites featuring images and videos of child pornography. ICE traced the e-mail account and credit card used by this individual to Defendant James Allen Caravayo. On October 28, 2004, ICE agents, along with FBI agents and El Paso Police Department officers, interviewed Caravayo at his home. At the end of the interview, Caravayo ultimately consented to ICE agents removing his computer from his home in order to examine it. A

---

[1] In revoking supervised release, courts are generally authorized to include, within limits, a new term of supervised release, 18 U.S.C. § 3583(h), and may also modify the original terms of supervised release, 18 U.S.C. § 3583(e).

11

forensic examination of the computer revealed the following files on Caravayo's hard drive:

- Approximately 29 sexually explicit images, which consisted of images of adult males performing anal or vaginal sexual intercourse on female children approximately five years of age; images of female children approximately six years of age performing oral sex on adult males; images of male children approximately 14 years of age engaging in anal sexual intercourse with other males of approximately 14 years of age; and images of adult males spreading the genital area of female children engaged in masturbation.

- 577 images of children four to fifteen years of age in various states of undress.

- 39 sexually explicit videos ranging between 13 seconds and 14 minutes 15 seconds in length. Many, if not all, of these videos depicted exhibition of the genital area of suspected minors. Several of these videos depicted prepubescent minors, or minors who appeared to be under the age of 12 years.

- Hypertext Markup Language (HTML) pages advertising sexually explicit images involving children.

- E-mail correspondence regarding membership details between Caravayo and other persons running websites advertising sexually explicit images involving children.

On February 17, 2005, ICE agents conducted a follow-up interview with Caravayo, who initially denied that he possessed child pornography. However, after being presented with the evidence from his computer's forensic

examination by ICE agents, Caravayo later admitted to purchasing and downloading the child pornography found on his computer.

Caravayo was indicted on July 13, 2005, in the Western District of Texas on two counts involving child pornography. And he entered into a written plea in November 2005, pleading guilty to violating 18 U.S.C. § 2252(a)(2) and (b)(1). Following his guilty plea, Caravayo had his release bond revoked on December 1, 2005, after he violated the conditions of his bond by having contact with minors in his family without permission of the court. On February 24, 2006, Caravayo was sentenced to 96 months imprisonment and 10 years of supervised release by the district court, which also imposed a number of conditions of supervised release. Among the conditions imposed at sentencing was the condition at issue here, Special Condition Six, which stated that "[t]he defendant may not date women/men who have children under the age of eighteen." Special Condition Six did not allow Caravayo to seek an exception from its dating ban from his probation officer. He could, of course, seek modification of the condition from the district court.

On February 28, 2006, Caravayo appealed his conviction. On appeal, Caravayo's counsel filed an *Anders* Brief, asserting that there were no non-frivolous reasons to appeal. The brief did not mention Special Condition Six. Caravayo filed his own response to his counsel's *Anders* brief, raising a number of claims. Like counsel's brief, this brief did not mention Special Condition Six. Our court ultimately dismissed Carvayo's appeal as frivolous. *See United States v. Caravayo*, 257 F. App'x 804 (5th Cir. 2007) (per curiam) (unpublished).

After Caravayo was released from prison on November 6, 2012, his supervised release commenced. But, on April 4, 2014, the United States petitioned the district court to issue a warrant for Caravayo's arrest and to

revoke his supervised release on the grounds that Caravayo had violated a number of conditions of supervised release. First, Caravayo had used his roommates' computers and accessed the internet. Second, Caravayo had been found with marijuana in his possession by officers to whom he refused to provide his date of birth and address and to whom he provided a fictitious name, for which he pleaded guilty to a state misdemeanor charge of failing to identify himself while under arrest. And third, video was found at Caravayo's residence that constituted child erotica, depicting nude children and adults walking on the beach together. A final revocation hearing, at issue today, was held on June 30, 2014, in front of the same judge who presided over Caravayo's 2006 conviction. At this hearing, Caravayo pleaded guilty to violating the conditions of his supervised release by failing to identify himself, and the government abandoned pursuing the other violations it alleged. The district court then revoked Caravayo's supervised release and sentenced him to a term of imprisonment of 90 days, followed by eight years of supervised release. Anticipating that Special Condition Six would be re-imposed as part of his supervised release, Caravayo's counsel objected ever so briefly to this condition on First Amendment grounds:

> I just wanted to point out that there was one condition in there, number six, which prohibited [Caravayo] from dating an adult that—male or female—that has children. And I think that one is in violation of the First Amendment, Your Honor, frankly a freedom of association. There are much more narrowly-tailored possibilities, which are actually included, which are him not having contact with minors and/or not having contact with minors without the predetermination of his probation, but a blanket prohibition of him dating anyone, because they have a minor,

frankly, Your Honor, I've never seen this condition before and so I note that and flag that with an objection to that.

The court ultimately re-imposed the same conditions of supervised release that Caravayo had received in 2006, including Special Condition Six, which Caravayo now contends violates his freedom of association under the First Amendment.

Based on these facts, I would affirm the district court. The majority and I differ on the appropriate standard of appellate review here.[2]  Regardless, I would conclude that the district court did not either plainly err or abuse its discretion in re-imposing Special Condition Six on Caravayo following the revocation of Caravayo's supervised release.  If Caravayo had adequately preserved his challenge to a condition of supervised release, it would be subject, on appeal, to a highly "deferential abuse of discretion standard." *United States v. Rodriguez*, 558 F.3d 408, 411–12 (5th Cir. 2009).   This review is "highly deferential [because] the sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Miller*, 665 F.3d 114, 119 (5th Cir. 2011) (second alteration in original) (quoting *United States v. Campos–Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008)).  And this deference is warranted even where the district court's reasoning has to "be inferred after an examination of the record." *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014).  We are told by the majority, correctly, that absent a specific finding by the district court, there must be "clear evidence in the record as to why an unconditional dating restriction was reasonably necessary." Majority Op. at 9.  But there is

---

[2] The majority states that Caravayo's constitutional challenge should be reviewed under an abuse of discretion standard.  I believe that Caravayo's constitutional challenge should be reviewed for plain error for the reason set out below.

clear evidence in this record. The district court here was originally presented with gruesome evidence of an individual who had downloaded material of a depraved and sadistic nature that exploited young children. This record strongly supports the district court's conclusion that a dating relationship with the parent of children would put Caravayo in close daily contact with children and put these children at risk. Furthermore, Caravayo demonstrated a failure to respect the terms of his bond release and later his supervised release. In my view, Special Condition Six was "reasonably necessary in light of the nature and circumstances of [Caravayo]'s offense and the legitimate need to prevent recidivism and to protect the public." *United States v. Paul*, 274 F.3d 155, 168 (5th Cir. 2001).[3]

The district court's conclusion finds support not just in the record, but in decisions of this court that have upheld restrictions similar to Special Condition Six. *See, e.g.*, *United States v. Pennington*, 606 F. App'x 216, 219 (5th Cir. 2015) (unpublished); *United States v. Esler*, 531 F. App'x 502, 504 (5th Cir. 2013) (per curiam) (unpublished); *United States v. Ellis*, 720 F.3d 220, 224 (5th Cir. 2013) (per curiam). In particular, this court's decision in *Esler* is instructive. In *Esler*, we found that a violation of 18 U.S.C. § 2252(a)(2), the statute that Caravayo violated, could be the basis for a restriction on dating individuals with underage children. *Esler*, 531 F. App'x at 504; *see also United States v. Roy*, 438 F.3d 140, 144–45 (1st Cir. 2006) (finding no First Amendment violation where a special condition restricted an offender,

---

[3] The majority states that, absent specific findings made by the district court, there would have to be evidence of Caravayo having "a history of inappropriate contact with minors" in order for there to be clear evidence supporting the dating restriction. Majority Op. at 7. Because the record does not show such a history, the majority concludes that there is no clear evidence supporting Special Condition Six. The majority's focus on a demonstrated history of inappropriate contact seems misplaced and myopic. The record in this case shows other evidence supporting the dating restriction; evidence that the majority does not confront.

convicted of possession of child pornography, from dating a woman with minor children).

Caravayo argues that the restriction in *Esler* was valid partly because it allowed the defendant there to seek an exception for dating from the probation office whereas the restriction here is unconditional. However, we consider not only the conditional nature of a supervised release restriction but also its duration in assessing the reasonableness of the restriction. *United States v. Duke*, 788 F.3d 392, 399–400 (5th Cir. 2015). Given the eight-year duration of Special Condition Six, I do not believe that the district court plainly erred or abused its discretion in re-imposing this unconditional restriction. *See Miller*, 665 F.3d at 126 (affirming a conditional ban on internet use for 25 years); *Paul*, 274 F.3d at 169–70 (affirming an unconditional ban on internet use for only three years); *cf. Duke*, 788 F.3d at 699–70 (striking down an unconditional, lifetime ban on internet use). I particularly fail to see how the district abused its discretion since it re-imposed a restriction that was supported by ample evidence and that was not challenged by Caravayo in his first appeal.[4]

The majority's holding—that the imposition of Special Condition Six may violate the First Amendment—is wrong in light of the record and the aforementioned case law. The holding is also wrong in another respect. The majority states that Caravayo's constitutional objection has been preserved even though it depends in large part on a statutory argument that the majority holds not preserved (but goes on to analyze in detail as a part of its constitutional holding). This is bizarre. Caravayo's constitutional objection on

---

[4] The majority suggests that the district court may have blindly imposed the special condition here as if it were a standard condition, because PSRs in the Western District of Texas now frequently include Special Condition Six as a matter of course and because courts tend to adopt recommendations in a PSR. Majority Op. 9–10 n.5. There is nothing in the record, however, that supports this point. And Caravayo did not object to Special Condition Six in 2006.

appeal (and only on appeal) is based on the argument that Special Condition Six does not comply with the requirements of 18 U.S.C. § 3583(d). We have previously noted "that supervised release conditions restricting employment and First Amendment freedoms are permissible if the statutory tailoring requirements [of 18 U.S.C. § 3583(d)] are satisfied." *Paul*, 274 F.3d at 169. However, Caravayo's objection at sentencing made no mention of 18 U.S.C. § 3583(d) or any other statutory factors relevant to his constitutional argument. I would hold that Caravayo's constitutional objection was not adequately preserved in the district court for the same reason that the majority holds his § 3583(d) argument was not preserved.[5] Accordingly, Caravayo's constitutional objection should be reviewed for plain error, and it should meet the same fate under plain error review as his statutory argument.

I would affirm the challenged condition of supervised release imposed by the district court. On this record, there is no basis for a holding by this court that this condition may violate the First Amendment. We should not start down this path here. I respectfully dissent.

---

[5] Contrary to the majority's assertion, I do not claim, nor do I need to claim, that a defendant must always cite § 3583(d) "to preserve a First Amendment challenge." Majority Op. at 3 n.1. But if the particular First Amendment challenge levied tracks the statutory analysis, as the majority asserts, Majority Op. at 5–6, then it seems anomalous to allow such a constitutional challenge to go forward without any mention, at sentencing, of the statutory factors that form the basis for this challenge. Vague references to the First Amendment, without more, are not "sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).