*277 KING, Circuit Judge,
dissenting:
I would affirm the sentence imposed by the district court on revocation of Cara-vayo’s supervised release.
I look first at the objectives of a sentence for a violation of supervised release. As we summarized recently, “ ‘postrevocation sanctions [are treated] as part of the penalty for the initial offense,’ rather than [as] a penalty for the offense constituting a violation of the terms of supervised release.” United States v. Rivera, 797 F.3d 307, 308 (5th Cir.2015) (quoting Johnson v. United States, 529 U.S. 694, 700, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000)). The district court may also consider the seriousness of the conduct constituting a violation of the conditions of supervised release in this type of sentencing. Id. at 308-09. In light of this framework, the details of Ca-ravayo’s original offense are important. While the majority never confronts those details, a full discussion of Caravayo’s offense history helps explain the district court’s decision to re-impose the same conditions of supervised release that Caravayo had originally received.[6]
Prior to October 28, 2004, the U.S. Immigration and Customs Enforcement Office (ICE) in El Paso, Texas, received information from the ICE Cyber Crimes Center that an individual in the El Paso area was accessing various Internet websites featuring images and videos of child pornography. ICE traced the e-mail account and credit card used by this individual to Defendant James Allen Caravayo. On October 28, 2004, ICE agents, along with FBI agents and El Paso Police Department officers, interviewed Caravayo at his home. At the end of the interview, Caravayo ultimately consented to ICE agents removing his computer from his home in order to examine it. A forensic examination of the computer revealed the following files on Caravayo’s hard drive:
— Approximately 29 sexually explicit images, which consisted of images of adult males performing anal or vaginal sexual intercourse on female children approximately five years of age; images of female children approximately six years of age performing oral sex on adult males; images of male children approximately 14 years of age engaging in anal sexual intercourse with other males of approximately 14 years of age; and images of adult males spreading the genital area of female children engaged in masturbation.
— 577 images of children four to fifteen years of age in various states of undress.
— 39 sexually explicit videos ranging between 13 seconds and 14 minutes 15 seconds in length. Many, if not all, of these videos depicted exhibition of the genital area of suspected minors. Several of these videos depicted prepubescent minors, or minors who appeared to be under the age of 12 years.
— Hypertext Markup Language (HTML) pages advertising sexually explicit images involving children.
— E-mail correspondence regarding membership details between Cara-vayo and other persons running websites advertising sexually explicit images involving children.
On February 17, 2005, ICE agents conducted a follow-up interview with Cara-vayo, who initially denied that he possessed child pornography. However, after *278 being presented with the evidence from his computer’s forensic examination by ICE agents, Caravayo later admitted to purchasing and downloading the child pornography found on his computer.
Caravayo was indicted on July 13, 2005, in the Western District of Texas on two counts involving child pornography. And he entered into a written plea in November 2005, pleading guilty to violating 18 U.S.C. § 2252(a)(2) and (b)(1). Following his guilty plea, Caravayo had his release bond revoked on December 1, 2005, after he violated the conditions of his bond by having contact with minors in his family without permission of the court. On February 24, 2006, Caravayo was sentenced to 96 months imprisonment and 10 years of supervised release by the district court, which also imposed a number of conditions of supervised release. Among the conditions imposed at sentencing was the condition at issue here, Special Condition Six, which stated that “[t]he defendant may not date women/men who have children under the age of eighteen.” Special Condition Six did not allow Caravayo to seek an exception from its dating ban from his probation officer. He could, of course, seek modification of the condition from the district court.
On February 28, 2006, Caravayo appealed his conviction. On appeal, Caravayo’s counsel filed an Anders brief, asserting that there were no non-frivolous reasons to appeal. The brief did not mention Special Condition Six. Caravayo filed his own response to his counsel’s Anders brief, raising a number of claims. Like counsel’s brief, this brief did not mention Special Condition Six. Our court ultimately dismissed Caravayo’s appeal as frivolous. See United States v. Caravayo, 257 Fed.Appx. 804 (5th Cir.2007) (per curiam) (unpublished).
After Caravayo was released from prison on November 6, 2012, his supervised release commenced. But, on April 4, 2014, the United States petitioned the district court to issue a warrant for Caravayo’s arrest and to revoke his supervised release on the grounds that Caravayo had violated a number of conditions of supervised release. First, Caravayo had used his roommates’ computers and accessed the internet. Second, Caravayo had been found with marijuana in his possession by officers to whom he refused to provide his date of birth and address and to whom he provided a fictitious name, for which he pleaded guilty to a state misdemeanor charge of failing to identify himself while under arrest. And third, video was found at Caravayo’s residence that constituted child erotica, depicting nude children and adults walking on the beach together. A final revocation hearing, at issue today, was held on June 30, 2014, in front of the same judge who presided over Caravayo’s 2006 conviction. At this hearing, Cara-vayo pleaded guilty to violating the conditions of his supervised release by failing to identify himself, and the government abandoned pursuing the other violations it alleged. The district court then revoked Caravayo’s supervised release and sentenced him to a term of imprisonment of 90 days, followed by eight years of supervised release. Anticipating that Special Condition Six would be re-imposed as part of his supervised release, Caravayo’s counsel objected ever so briefly to this condition on First Amendment grounds:
I just wanted to point out that there was one condition in there, number six, which prohibited [Caravayo] from dating an adult that — male or female — that has children. And I think that one is in violation of the First Amendment, Your Honor, frankly a freedom of association. There are much more narrowly-tailored possibilities, which are actually included, *279 which are him not having contact with minors and/or .not having contact with minors without the predetermination of his probation, but a blanket prohibition of him dating anyone, because they have a minor, frankly, Your Honor, I’ve never seen this condition before and so I note that and flag that with an objection to that.
The court ultimately re-imposed the same conditions of supervised release that Caravayo had received in 2006, including Special Condition Six, which Caravayo now contends violates his freedom of association under the First Amendment.
Based on these facts, I would affirm the district court. The majority and I differ on the appropriate standard of appellate review here.[7] Regardless, I would conclude that the district court did not either plainly err or abuse its discretion in reimposing Special Condition Six on Cara-vayo following the revocation of Cara-vayo’s supervised release. If Caravayo had adequately preserved his challenge to a condition of supervised release, it would be subject, on appeal, to a highly “deferential abuse of discretion standard.” United States v. Rodriguez, 558 F.3d 408, 411-12 (5th Cir.2009). This review is “highly deferential [because] the sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant.” United States v. Miller, 665 F.3d 114, 119 (5th Cir.2011) (second alteration in original) (quoting United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir.2008)). And this deference is warranted even where the district court’s reasoning has to “be inferred after an examination of the record.” United States v. Salazar, 743 F.3d 445, 451 (5th Cir.2014). We are told by the majority, correctly, that absent a specific finding by the district court, there must be “clear evidence in the record as to why an unconditional dating restriction was reasonably necessary.” Majority Op. at 276. But there is clear evidence in this record. The district court here was originally presented with gruesome evidence of an individual who had downloaded material of a depraved and sadistic nature that exploited young children. This record strongly supports the district court’s conclusion that a dating relationship with the parent of children would put Caravayo in close daily contact with children and put these children at risk. Furthermore, Caravayo demonstrated a failure to respect the terms of his bond release and later his supervised release. In my view, Special Condition Six was “reasonably necessary in light of the nature and circumstances of [Caravayo]’s offense and the legitimate need to prevent recidivism and to protect the public.” United States v. Paul, 274 F.3d 155, 168 (5th Cir.2001).[8]
The district court’s conclusion finds support not just in the record, but in decisions of this court that have upheld restrictions *280 similar to Special Condition Six. See, e.g., United States v. Pennington, 606 Fed.Appx. 216, 219 (5th Cir.2015) (unpublished); United States v. Esler, 531 Fed.Appx. 502, 504 (5th Cir.2013) (per curiam) (unpublished); United States v. Ellis, 720 F.3d 220, 224 (5th Cir.2013) (per curiam). In particular, this court’s decision in Esler is instructive. In Esler, we found that a violation of 18 U.S.C. § 2252(a)(2), the statute that Caravayo violated, could be the basis for a restriction on dating individuals with underage children. Esler, 531 Fed.Appx. at 504; see also United States v. Roy, 438 F.3d 140, 144-45 (1st Cir.2006) (finding no First Amendment violation where a special condition restricted an offender, convicted of possession of child pornography, from dating a woman with minor children).
Caravayo argues that the restriction in Esler was valid partly because it allowed the defendant there to seek an exception for dating from the probation office whereas the restriction here is unconditional. However, we consider not only the conditional nature of a supervised release restriction but also its duration in assessing the reasonableness of the restriction. United States v. Duke, 788 F.3d 392, 399-400 (5th Cir.2015). Given the eight-year duration of Special Condition Six, I do not believe that the district court plainly erred or abused its discretion in re-imposing this unconditional restriction. See Miller, 665 F.3d at 126 (affirming a conditional ban on internet use for 25 years); Paul, 274 F.3d at 169-70 (affirming an unconditional ban on internet use for only three years); cf. Duke, 788 F.3d at 399-400 (striking down an unconditional, lifetime ban on internet use). I particularly fail to see how the district abused its discretion since it reimposed a restriction that was supported by ample evidence and that was not challenged by Caravayo in his first appeal.[9]
The majority’s holding — that the imposition of Special Condition Six may violate the First Amendment — is wrong in light of the record and the aforementioned case law. The holding is also wrong in another respect. The majority states that Cara-vayo’s constitutional objection has been preserved even though it depends in large part on a statutory argument that the majority holds not preserved (but goes on to analyze in detail as a part of its constitutional holding). This is bizarre. Cara-vayo’s constitutional objection on appeal (and only on appeal) is based on the argument that Special Condition Six does not comply with the requirements of 18 U.S.C. § 3583(d). We have previously noted “that supervised release conditions restricting employment and First Amendment freedoms are permissible if the statutory tailoring requirements [of 18 U.S.C. § 3583(d) ] are satisfied.” Paul, 274 F.3d at 169. However, Caravayo’s objection at sentencing made no mention of 18 U.S.C. § 3583(d) or any other statutory factors relevant to his constitutional argument. I would hold that Caravayo’s constitutional objection was not adequately preserved in the district court for the same reason that the majority holds his § 3583(d) argument was not preserved.[10] Accordingly, Cara- *281 vayo’s constitutional objection should be reviewed for plain error, and it should meet the same fate under plain error review as his statutory argument.
I would affirm the challenged condition of supervised release imposed by the district court. On this record, there is no basis for a holding by this court that this condition may violate the First Amendment. We should not start down this path here. I respectfully dissent.

. In revoking supervised release, courts are generally authorized to include, within limits, a new term of supervised release, 18 U.S.C. § 3583(h), and may also modify the original terms of supervised release, 18 U.S.C. § 3583(e).

. The majority states that Caravayo’s constitutional challenge should be reviewed under an abuse of discretion standard. I believe that Caravayo’s constitutional challenge should be reviewed for plain error for the reason set out below.

. The majority states that, absent specific findings made by the district court, there would have to be evidence of Caravayo having “a history of inappropriate contact with minors” in order for there to be clear evidence supporting the dating restriction. Majority Op. at 275. Because the record does not show such a history, the majority concludes that there is no clear evidence supporting Special Condition Six. The majority's focus on a demonstrated history of inappropriate contact seems misplaced and myopic. The record in this case shows other evidence supporting the dating restriction; evidence that the majority does not confront.

. The majority suggests that the district court may have blindly imposed the special condition here as if it were a standard condition, because PSRs in the Western District of Texas now frequently include Special Condition Six as a matter of course and because courts tend to adopt recommendations in a PSR. Majority Op. at 276 n.5. There is nothing in the record, however, that supports this point. And Cara-vayo did not object to Special Condition Six in 2006.

. Contrary to the majority's assertion, I do not claim, nor do I need to claim, that a defendant must always cite § 3583(d) "to preserve a First Amendment challenge." Majority Op. at 273 n.l. But if the particular First *281 Amendment challenge levied tracks the statutory analysis, as the majority asserts, Majority Op. at 273-74, then it seems anomalous to allow such a constitutional challenge to go forward without any mention, at sentencing, of the statutory factors that form the basis for this challenge. Vague references to the First Amendment, without more, are not “sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction.” United States v. Neal, 578 F.3d 270, 272 (5th Cir.2009).